Ural Jackson **WAGONER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9803.

United States Court of Appeals
Fourth Circuit.

Argued May 7, 1965.

Decided June 4, 1965.

Harold T. Dodge (Court-assigned counsel) and Ross, Wood & Dodge on brief, Graham, N. C., for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and LEWIS, District Judge.

PER CURIAM.

Convicted of possession of an unregistered still [1] and related offenses, the defendant has appealed contesting the legality and the factual basis of the presumptions created by 26 U.S.C.A. § 5601 (b). He has now abandoned the first phase of his argument in light of United States v. Gainey, 379 U.S. 804, 85 S.Ct. 29, but he contests the presumptions' factual premise.

We think the evidence sufficient to support the District Court's finding that Wagoner was shown "to have been at the site or place where * * * a still * * * was set up * * *," within the meaning of the statute.

The still was set up in a secluded woodland. A single path gave access to the still yard, which, otherwise, was surrounded by dense underbrush. The path ended at the yard.

Agents secreted themselves behind undergrowth bordering the still yard to observe two men in the yard working at the still. A third man, the defendant, approached the still yard along the access path. Supposedly, because the agents would have been open to his view as he passed them, they arose from their positions and arrested him.

He had in his possession a glass fruit jar containing a residue of material which appeared to be still beer.[2] He stated in explanation that he was on his way to his home, though it was proven at the trial that if that had been his purpose, he would have been going in the opposite direction.

At the trial, the defendant offered no defense.

There is no legislative definition of the words "site or place where * * * a still * * * was set up." An attempt by the Congress to provide specific definitions probably would have been self-defeating, for the words must be applied in such an infinite variety of situations that no one could foresee them all. The Congress gave us general words which are sufficiently elastic and flexible to receive a reasonable application in whatever context the question arises. Reasonableness in the statute's application is the congressional and the judicial objective; a mechanistic approach should be shunned.

The question whether the defendant was shown "to have been at the site or place where * * * a still * * * was set up" is one of fact. At either end of the spectrum, there may be room for only one reasonable inference. The men actually working the still in the still yard cannot reasonably be said not to have been at the site or place where the still was. On the other hand, one a hundred yards away from a still such as this, armed with a book of verse and a pretty girl, could not reasonably be said to have been at the still site. In the middle of the spectrum, however, the factfinder must fulfill his function and choose betweeen conflicting inferences, either one of which reasonable minds might embrace.

This case falls in the middle area of the spectrum. That the defendant had not yet emerged from the still path into the still yard does not supply a definitive answer. It means only that application of the presumption required the preliminary offices of the factfinder. With all of the attendant circumstances, the Court's finding [3] cannot be said to be unreasonable.

The defendant was in the still path which led only to the still yard. He was approaching the yard, which could be seen from the point of the arrest. He

1. 26 U.S.C.A. § 5601(a) (1).

2. Fermented mash.

3. The case was tried to the Court without a jury.

had incriminating evidence in his hand, and he offered an explanation of his presence which was patently false. These circumstances make reasonable the District Court's finding that the still path, or that part of it in its near approach to the still yard where the defendant was arrested, was within the "site or place" where the still was. If the District Court might have found the fact differently, we accept its finding, for it has a basis in reasonableness.

The constitutional argument has been abandoned in light of the Supreme Court's resolution of it, but we could not say that the logical relation between the evidentiary facts and the presumed fact is attenuated.

Affirmed.